UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANTHONY BROADNAX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:14-cv-4029-SLD-JEH |
| JOHN MCHUGH, TERRY BREWER, and CARL W. STINGLEY | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court are two motions: Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), ECF No. 3, and Defendants' Motion for Leave to File Reply, ECF No. 9. For the reasons stated herein, Defendants' Motion to Dismiss is GRANTED and Defendants' Motion for Leave to File Reply is GRANTED. This case is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

## BACKGROUND

This cause of action arises from Plaintiff Anthony Broadnax's employment with, and eventual termination from, the Department of the Army. Broadnax was employed as a machinist by the Army at its facility located at the Rock Island Arsenal in Rock Island, Illinois. Compl. ¶ 8 of Count II. On about September 24, 2009, Broadnax was injured in the course of his employment, *id.* at ¶5; on about September 4, 2012, Broadnax re-injured himself while working at the Arsenal, *id.* at ¶ 6. Broadnax's injuries required periodic visits to a chiropractor and required periodic and unplanned absences from work due to "flare-ups." *Id.* at ¶ 7. Between February 2012 and February 2013, Broadnax sought intermittent medical leaves of absence from

1

Terry Brewer pursuant to his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654. *Id*. at ¶ 11. Between February 2013 and April 2013, Broadnax requested intermittent medical leaves of absence pursuant to the FMLA from Carl W. Stingley, Compl. ¶ 11, Count III. Broadnax asserts that both Brewer and Stingley interfered with his attempts to exercise his rights under the FMLA.

To that end, Broadnax claims that Brewer interfered with his FMLA rights in the following manner: (1) by denying Broadnax requested FMLA coverage in March 2012 and from September–December 2012, on the basis that his FMLA leave had "expired," despite Broadnax only having used a portion of his allotted twelve weeks per year, Compl. ¶ 12, Count II; (2) by restricting the amount of FMLA absences Broadnax could use per month, *id.*; (3) by changing Broadnax's "leave without pay" time to "absent without leave" time in March, August, and October of 2012, despite his eligibility for FMLA leave, *id.*; and (4) by falsely advising Broadnax that he could not apply for FMLA leave because he had already been on FMLA leave twice, *id*.

Broadnax claims that Stingley interfered with his FMLA rights in the following manner: by denying Broadnax's requests for leave on March 1st, 11th–15th, and 27th of 2013 due to a flare-up of his back injury, *id.* at ¶ 12, Count III; and by terminating Broadnax for being too frequently "absent without leave" although most or all of those absences were covered under the FMLA or Broadnax's earned time off, *id*.

In their Motion to Dismiss, Defendants argue that Broadnax is ineligible as a Title II employee to bring an FMLA action against the Department of the Army or the individual defendants Brewer and Stingley, and therefore, the Court does not have jurisdiction to hear Broadnax's claim. Def.'s Mem. Supp. 4–7, ECF No. 4. In his Response, Broadnax concedes

2

"that he cannot find any authority supporting the proposition that a federal employee may sue for violations of the FMLA under Title II" and allows that his interference claim against the Department of the Army (Count I) should be dismissed. Pl.'s Resp., 1–2, ECF No. 8. However, Broadnax argues that the case Defendants rely upon in support of their motion, *Plaxico v. County of Cook*, 10 C 272, 2010 WL 3171495 (N.D. Ill. August 11, 2010), directly contradicts Defendants' position that Broadnax is prohibited from bringing this action against individual defendants. Resp. at 2–3. In their Motion for Leave to File a Reply, Defendants acknowledge that Local Rule 7.1(B)(3) does not permit reply briefs but argues that Broadnax made incorrect representations of law which were not addressed in their initial memorandum. Defs.' Reply, ECF No. 9-1. To that end, Defendants reiterate that Broadnax cannot seek FMLA relief as to both the Department of the Army and the individual defendants because he is not an "eligible employee" under the Act and thus is not entitled to its protection. Reply 2–4. Moreover, Defendants acknowledge that the *Plaxico* case recognized individual liability under the FMLA but only with respect to Title I employees. *Id.* at 3–4.[1]

## DISCUSSION

### I. Legal Standards

Defendants move to dismiss Broadnax's complaint under both Fed. R. Civ. P. 12(b)(1) and, alternatively, under Fed. R. Civ. P. 12(b)(6). There are two types of challenges to jurisdiction which may be made under Rule 12(b)(1): (1) facial attacks, which "require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); and (2) factual attacks, which challenge the truth of the jurisdictional facts alleged in the

---

[1] As indicated below, the Court grants Defendants' motion to dismiss on the basis that it does not have subject matter jurisdiction. However, the Court notes that it agrees with Defendants' interpretation of *Plaxico*; that case concerned a Title I employee and is therefore not germane to the instant proceedings.

pleadings, generally via the challenger's external facts, *see id.* at 444. In reviewing a facial attack, the court "must consider the allegations of the complaint as true." *Id.* Thus, a case may be dismissed on a facial challenge when it is clear from the complaint that a federal question was raised solely for the purpose of obtaining jurisdiction or where a federal claim is insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir. 1992). However, in reviewing a factual attack the court may "weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Apex Digital, Inc.* 572 F.3d at 444.

**II. Analysis**

The FMLA permits eligible employees to take up to twelve weeks of leave per year for a "serious health condition that makes the employee unable to perform the functions of the position." 29 U.S.C. § 2612(a)(1)(D). The FMLA makes it unlawful for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise" this right. 29 U.S.C. § 2615(a)(1). Title I of the FMLA governs leave for private employees and federal employees not covered by Title II. 29 U.S.C. § 2612(a)(1). Title II grants FMLA leave to certain federal employees. 5 U.S.C. § 6382(a)(1). There is no dispute that the Plaintiff is a federal employee under Title II of the FMLA. *See* Pl.'s Resp. 1, 3.

"To maintain a viable claim against the United States in federal court, a party must satisfy two requirements . . . the plaintiff not only must identify a statute that confers jurisdiction on the district court but also a federal law that waives the sovereign immunity of the United States to the cause of action." *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002). Furthermore,

4

"it is axiomatic that the United States as sovereign cannot be sued without its consent." *Id.* at 820. As indicated below, because Broadnax has not identified a statute conferring jurisdiction on this Court, his complaint must be dismissed.

Titles I and II grant employees equivalent rights regarding FMLA leave. However, Title I contains a provision which states that employers will be liable to aggrieved employees for monetary damages and equitable relief for its violation. *See* 29 U.S.C. § 2617(a)(1). Title I also authorizes the Secretary of Labor or the employee to bring a civil action against the employer in federal or state court. *See* 29 U.S.C. § 2617(a)(2). In contrast, Title II contains no similar provisions. *See* 5 U.S.C. §§ 6381–6387.

This Court concludes, as have other courts that have considered the issue, that Congress has not explicitly provided Title II employees with a cause of action against the federal government in order to remedy FMLA violations. *See Weesner v. Glickman*, 59 F. Supp. 2d 783, 787 (N.D. Ind. 1999) (concluding that employee who was employed by an agency whose head was appointed by the President fell "within the definition of an employee in 5 U.S.C. § 2105, and thus within 5 U.S.C. § 6301(2), 5 U.S.C. § 6381 (1), and 29 U.S.C. § 2611(2)(B)" and was statutorily ineligible for protection under Title I); *Jacober v. USDA Agency*, 2012 U.S. Dist. LEXIS 131819 (S.D. Ill. Sept. 17, 2012) (concluding that employee was ineligible for protection under Title I of the FMLA, as she was employed by an agency whose head was appointed by the President and thereby excluded under 29 U.S.C. § 2611(2)(B)(i)); *Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997) (". . .[T]he omission of a provision in Title II similar to that in Title I creating a private right of action is treated as an affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA.")

Broadnax alleges that he was employed by the Department of the Army at all times relevant to this cause of action, Compl. ¶ 8, Count I.  Broadnax also asserts that John McHugh was the Secretary for the Department of the Army at the time this suit commenced, *id.* at ¶ 4.  Pursuant to 10 U.S.C. § 3013(a)(1), the Secretary of Army is "appointed from civilian life by the President" and "is the head of the Department of the Army."  Because 29 U.S.C. § 2611(2)(B)(i) excludes Title II employees from its definition of an "eligible employee" who can bring suit under the FMLA, Broadnax's suit must be dismissed with prejudice for lack of subject matter jurisdiction.

## CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss, ECF No. 3, is GRANTED, Defendants' Motion Seeking Leave to File a Reply, ECF No. 9, is GRANTED, and Plaintiff's Complaint is DISMISSED with prejudice for lack of subject matter jurisdiction.  The Clerk is directed to file Defendants' Reply, ECF No. 9-1, enter judgment, and close the case.

Entered this 10th day of March, 2015.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE